ORDER

ANN H. LAMAR, Justice,
for the Court.
This matter came before the Court on the petition for a writ of certiorari filed by *24 Timothy Dupuis, pro se. Pursuant to .Rule 17(b) of the Mississippi Rules of Appellate Procedure, a petition for a writ of certiora-ri for review of the decision of the Court of Appeals of the State of Mississippi must be filed in this Court and served on other parties within fourteen days from the date of entry of judgment by the Court of Appeals on the motion for rehearing. The motion for rehearing was denied on May 6, 2008, and the mandate issued. The petition for a writ of certiorari was not filed until May 21, 2012. Therefore, the Court finds that the petition for a writ of certio-rari should be dismissed as untimely.
IT IS THEREFORE ORDERED that the petition for a writ of certiorari filed by Timothy Dupuis, pro se, is hereby dismissed as untimely.
SO ORDERED.
TO DISMISS: WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, AND PIERCE, JJ.
TO DENY: DICKINSON, P.J.
NOT PARTICIPATING: CHANDLER AND KING, JJ.
DICKINSON, P.J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT.
DICKINSON, Presiding Justice,
objection to order:
While I agree that Timothy Dupuis’ petition for a writ of certiorari should be denied, I do not agree with dismissing it as untimely pursuant to Rule 17(b) of the Mississippi Rules of Appellate Procedure. Because his claim — a violation of a fundamental constitutional right to counsel because his lawyer had an actual conflict of interest — had facial merit, it should not be dismissed as untimely. Instead, the Court should consider the merits of his claim. Considering the merits of the claim, it is my opinion that the record includes sufficient evidence supporting the circuit judge’s conclusion that Dupuis waived the conflict. Therefore, I cannot say the circuit judge abused his discretion and I would deny the petition.